Butcher v. Gibson.

DANIEL BUTCHER, Respondent, v. B. F. GIBSON, Appellant.

Kansas City Court of Appeals, December 7, 1891.

Contracts: COST: PAYMENT: DELIVERY: DEFENSE. The plaintiff agreed with defendant to drill for coal on the latter's farm at so much per foot ; and to take his pay in a note, and defendant was to have the option to turn the drill-hole into a well and pay plaintiff cash for the tubing. At the close of the prospecting, plaintiff gave notice of his election to use the hole as a well, but refused to pay cash for the tubing. Plaintiff thereupon took out the tubing, and defendant refused to give his note for the prospecting, and plaintiff brought his suit therefor. Held, plaintiff had a right to take out the tubing, and his doing so constituted no defense to his action, though the well was thereby destroyed,

*Appeal from the Cooper Circuit Court.*—HON. WM. S. SHIRK, Special Judge.

AFFIRMED.

*Draffen & Williams*, for appellant.

( 1 ) The court erred in refusing to give the first declaration of law asked by defendant. The undisputed evidence showed that, if defendant so elected, he was to have a well, and that he notified plaintiff that he wanted a well, at least, before plaintiff took out the tubing. The plaintiff, after this notice, took out the tubing and destroyed the well. He testified that he did this because he was not paid cash for the tubing, as he claimed the contract required. Mere non-payment of the money, that did not become due, at least, till the well was completed, would not authorize plaintiff to destroy the well, and recover for his work in drilling it. Plaintiff's remedy for the non-payment, even if he was entitled to a cash payment upon completion of the work,

did not consist in destroying the well. The law furnished him ample redress for the non-payment. He had no right to render his work useless, simply because of a disagreement as to the terms of the contract as to the time of payment. He was, in any view, to put in the tubing and complete the well, before he was entitled to any payment. The stipulation as to putting in the tubing so as to make a well, and the payment, were not dependent conditions. 2 Parsons on Contracts [5 Ed.] p. 676; *Smith v. Busby*, 15 Mo. 387. (2) Having destroyed the well and rendered his work useless to defendant, plaintiff, upon his own evidence, was not entitled to recover for the drilling done near the house. Defendant's second declaration of law should have been given.

*John Cosgrove* and *J. H. Johnston*, for respondent.

While it may be true that instructions, numbered 4 and 5, given on behalf of plaintiff, taken alone, do not set out fully all the issues raised by defendant, yet instructions, numbered 1 and 3, given on the part of the defendant, do submit the issues raised by him. His whole defense is based upon the alleged fact that defendant, after doing the work charged for, destroyed it, or rendered it useless. This defense is fully and fairly submitted in defendant's instruction, numbered 1, and this instruction, together with the other instructions given by the court, shows the theory upon which the case was tried and determined by the court.

ELLISON, J.—Plaintiff was employed to prospect for coal on defendant's farm by drilling at places suggested by defendant, for $1 per foot, for which he was to give his note, due the following January. He began near the Missouri river, and after going down twenty-five feet or more (they agreed to consider it twenty-five

feet ), it was concluded that coal could not be found, and the place for drilling was changed to a considerable distance over near defendant's house. At this place plaintiff was to drill a depth of seventy-five feet; he went further than this, though he appears to have only charged for that depth. Defendant says that as a part of the contract for drilling at the place near the house he was to have the privilege, in case no coal was found, of accepting the hole as a well by paying for the casing or tubing therein at the rate of thirty cents per foot, for which he was also to give his note, with that for the price of drilling. There is a dispute as to just when the well part of the contract was made. And there is also a disagreement as to when the tubing was to be paid for. Plaintiff's theory is that, while a note was to be executed for the work, cash was to be paid for the tubing. Defendant notified plaintiff that he would exercise his privilege and utilize the hole for a well, but he refused to pay cash for the tubing, insisting that he was to give a note for all. Plaintiff thereupon took out the casing and carried it away, which destroyed the well.

The defendant asked the following instructions, to-wit: "1. The court declares the law to be that, if the court shall find from the evidence that the plaintiff agreed to bore for coal upon defendant's land, near his house, and at a place selected by the defendant, for which the plaintiff was to be paid $1 per foot, and that, before the boring near the house was begun, it was agreed as a part of said contract, that if coal was not found the defendant, if he so desired, might use said hole as a well, and, in that event, the plaintiff should furnish and leave in said well the necessary tubing for said well, for which defendant was to pay thirty cents per foot, and that after boring ninety-seven feet, the plaintiff took the tubing out of said hole, and thereby destroyed it as a well, after he was notified by defendant that he desired to use said hole as a well, and

wanted the tubing left in the hole for that purpose, then the plaintiff cannot recover, *even though the court may further find from the evidence that by the terms of the contract the defendant was required to pay in cash for said tubing, at the time the well was completed, and that the defendant refused to make such payment, and that the plaintiff took out the tubing for that reason.*"

The court struck out the italicized portion and gave the remainder. In this we think the court did right. The parties agree that the agreement was that defendant was to pay $1 per foot for drilling by giving his note for the amount, and, if he wanted to adopt the work as a well, he was to pay for the tubing ( as plaintiff says, and the instruction, as it stood, conceded ), in cash. We look upon this as an ordinary sale of personal property to be paid for in cash. If A is to take goods to B's house to sell him at a certain cash price, and B upon the arrival of the goods refuses to pay cash, A has the right to bring the goods away without delivery. This is clear, and yet it is no more than this case. The tubing was plaintiff's personal property. He had to use it to prevent the hole from caving in while drilling for coal. It was his personal property, and in his possession ; as much so as his drill. It could become defendant's property by his paying cash according to his contract. Not doing so, plaintiff refused to turn it over to him, as he had a legal right to do.

Defendant's argument is that the plaintiff was employed to bore or drill a well ; that, even though he was to be paid cash for the tubing, yet he had no right to destroy the well and then recover for the boring, no more than he would recover the price of the house he had built, if he were to tear down the house on his not getting cash agreed upon for a part of the material ; that he had other remedies. The undisputed facts make this argument inapplicable. The primary object

of the contract here was prospecting for coal. Defend-
ant himself testified : "*If* I wanted a well *when this
work was done*," etc. The tubing was certainly plain-
tiff's, until defendant elected to utilize the hole as a
well; it was a part of his machinery in drilling the hole.
It could only become defendant's by purchase, which
was, under the hypothesis in the instruction, to be for
cash.

Defendant's last point is not tenable. He did not
refuse to give the note, because cash was demanded for
the tubing. He testified that plaintiff took the tubing
out before saying anything about pay. He further tes-
tified that he refused to give the note, not because of a
demand for cash, but because "he (defendant) had not
made a well out of it."

We have examined the other points made, and are
satisfied that no substantial error was committed, and,
therefore, affirm the judgment. All concur.